# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERNARD SCOTT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, PHILADELPHIA | : | |
| DEPARTMENT OF PRISONS, BLANCHE | : | |
| CARNEY, Prison Commissioner and | : | |
| MICHELLE FARRELL, Warden at PICC | : | NO. 19-4268 |

## MEMORANDUM

**Savage, J.**                                                                 **October 24, 2019**

Plaintiff Bernard Scott, a prisoner incarcerated at the Philadelphia Detention Center, brings this civil action pursuant to 42 U.S.C. § 1983 based upon his conditions of confinement at the Philadelphia Industrial Correctional Center ("PICC"). He sues the City of Philadelphia, the Philadelphia Department of Prisons, Blanche Carney (Commissioner of the Philadelphia Department of Prisons), and Michelle Farrell, the warden of PICC. Scott also seeks leave to proceed *in forma pauperis*.

For the following reasons, we shall grant Scott leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice with leave to amend.

## FACTS

In his complaint, Scott alleges that the events giving rise to his claims occurred at PICC in October 2018. He avers that he was transferred from the Curran-Fromhold Correctional Facility to PICC on October 24, 2018 to a "shared housing unit with protective custody inmates which is a violation of prison policy and security procedure."[1] Scott

---
[1] Compl. at 3 (Doc. No. 2).

further asserts that this transfer "constantly violated recreation time and phone calls to family and legal representation."[2] Scott does not provide any factual allegations about his claims. He avers that he suffered "denial of due process, denial of access to legal counsel, denial of showers, cruel and unusual punishment . . . mental anguish, severe stress, [and] emotional distress."[3] Given his *pro se* status, we shall construe his claims to be constitutional claims pursuant to 42 U.S.C. § 1983 based on the conditions of his confinement.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A court may dismiss all or part of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plaintiff must allege facts that indicate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Pleading only "facts that are 'merely consistent with' a defendant's liability" is insufficient and cannot survive a motion to dismiss. *Id.* (quoting *Twombly*, 550 U.S. at 557).

---

[2] *Id.*

[3] *Id.*

**DISCUSSION**

To state a claim under 42 U.S.C. § 1983, [ last name petitioner ] must allege facts which, if proven, would establish that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the person depriving him of that right acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010) (citation omitted). Accepting the facts alleged in the complaint as true and drawing all inferences from them in favor of [ petitioner ], we conclude that [ petitioner ] has not stated a plausible claim against the defendants.

The complaint is deficient for several reasons. First, the Philadelphia Department of Prisons is not a properly named defendant. A "prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws." *Regan v. Upper Darby Twp.*, No. CIV A 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009), *aff'd*, 363 F. App'x 917 (3d Cir. 2010); *see also White v. Green*, Civ. A. No. 09-1219, 2009 WL 3209647, at *2 (E.D. Pa. Oct. 6, 2009) ("This Court has held that the George W. Hill Correctional Facility, is not a legal entity that is amenable to suit under § 1983.") (quotations omitted).

Second, the plaintiff has not stated a claim against the individual defendants. He does not allege what each one of the defendants did and when. There is nothing in the complaint showing how any of the individual defendants was responsible for violating the plaintiff's rights through his or her own misconduct or his or her deliberate indifference to a known deficiency in a policy or procedure.

Third, Scott's complaint is based on conclusory phrases that his constitutional rights were violated in connection with recreation time, phone call allowance time, and

3

access to showers while he was incarcerated at PICC. He has not provided any factual allegations about the conditions to which he was subjected. Nor are there any allegations that the conditions rise to the level of a constitutional violation. Scott has also not alleged facts explaining how the individual defendants were involved in or responsible for subjecting him to cruel and unusual punishment or otherwise violating his rights. Thus, we shall dismiss his complaint for failure to state a claim against any of the defendants and grant him leave to amend his complaint.

/s/ TIMOTHY J. SAVAGE J.